Filed 3/26/21  P. v. Jones CA4/1

# NOT TO BE PUBLISHED IN OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

COURT OF APPEAL, FOURTH APPELLATE DISTRICT

DIVISION ONE

STATE OF CALIFORNIA

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>    v.<br><br>EDWARD JONES,<br><br>    Defendant and Appellant. | D077396<br><br><br><br>(Super. Ct. No. SCS147831) |

APPEAL from an order of the Superior Court of San Diego County, Michael T. Smyth, Judge.  Affirmed.

Nancy J. King, under appointment by the Court of Appeal, for Defendant and Appellant.

Xavier Becerra, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Julie L. Garland, Assistant Attorney General, Charles C. Ragland and James H. Flaherty III, Deputy Attorneys General, for Plaintiff and Respondent.

This case involves the sole question of whether defendant's conviction for possession of cannabis while incarcerated in a state prison, in violation of Penal Code[1] section 4573.8, must be dismissed. We conclude the defendant's petition to dismiss the conviction was properly denied.

FACTUAL AND PROCEDURAL BACKGROUND

On November 20, 1999, defendant's locker in his prison cell at Donovan State Prison was searched. He opened the locker for correctional officers and reached into the locker, grabbed a blue "state issued" shirt and fled from the cell. He was chased and caught. In the pocket of the shirt, officers found a leafy green substance consistent with cannabis. Testing of the substance revealed it to be approximately 3.85 grams of cannabis.

On April 7, 2000, defendant entered a plea of no contest to a felony charge of possession of a controlled substance while in prison, in violation of section 4573.8. He received a stipulated sentence of 16 months, to be served consecutive to a term he was then serving in case No. SCD146141. He also was required to pay a $200 restitution fine, pursuant to section 1202.4, subdivision (b), with a matching parole revocation fine imposed and stayed pursuant to section 1202.45.

On the ground that possession of cannabis was no longer a felony, defendant on February 7, 2020, filed a petition for dismissal of the conviction and for resentencing pursuant to Proposition 64. The prosecution on February 14, 2020, filed an opposition arguing Proposition 64 did not include section 4573.8 violations. The trial court denied the petition.

Defendant filed a timely notice of appeal.

We conclude the trial court properly denied the petition.

---

[1] Further statutory references are to the Penal Code unless otherwise specified.

ANALYSIS

In 2016, California voters decriminalized the possession of less than 28.5 grams (approximately one ounce) of marijuana, or cannabis.[2]

Appellate courts have split on the question of Proposition 64's effect on criminal laws prohibiting the possession of cannabis in a correctional institution. The issue is currently pending before our Supreme Court in *People v. Raybon* (2019) 36 Cal.App.5th 111, review granted August 21, 2019, S256978 (*Raybon*) and *People v. Whalum* (2020) 50 Cal.App.5th 1, review granted, August 12, 2020, S262935 (*Whalum*). The Third District in *Raybon* concluded that possession of less than 28.5 grams of cannabis in prison is no longer unlawful, due to Proposition 64. The First District, Sixth District, and our district have all reached the opposite conclusion. (*Perry*, *supra*, 32 Cal.App.5th at pp. 891–893 (First District); *People v. Hererra* (2020) 52 Cal.App.5th 982, review granted, October 14, 2020, S264339 (*Hererra*) (Sixth District); *Whalum*, at pp. 12–13, review granted (Fourth District).)

In *Whalum*, this court addressed whether an inmate convicted of possessing cannabis in prison under section 4573.8, which prohibits possession of drugs in any manner while in prison, remained a felony. We concluded that a conviction under section 4573.8 for possession of cannabis remained a felony after Proposition 64 and the inmate was therefore not entitled to relief. (*Whalum*, *supra,* 50 Cal.App.5th at p. 3.) Although the court noted it need not weigh in on the issues unique to the impact of Proposition 64 on section 4573.6, the court agreed with *Perry* that "Proposition 64 did not affect laws specifically directed at criminalizing the

---

2     In 2017, the legislature replaced references to "marijuana" in the Health and Safety Code with the term "cannabis." We use the term "cannabis." (Proposition 64; see Health & Saf. Code, § 11362.1, subd. (a); also see *People v. Perry* (2019) 32 Cal.App.5th 885, 888 (*Perry*).)

possession of cannabis as contraband in a correctional institution." (*Whalum*, p. 5.) *Whalum* also concluded that even though "section 4573.8 criminalizes *possession* rather than *use* of drugs in a correctional institution, it is nevertheless properly described as a law 'pertaining to smoking or ingesting cannabis' in such a setting, as it is part of a prophylactic approach to prevent prisoners from *using* drugs." (*Id.* at p. 12, fn. omitted.)

More recently the Sixth District Court of Appeal has addressed the question of whether section 4573.6 remains a felony following approval of Proposition 64. (*Herrera, supra*, 52 Cal.App.5th at p. 991, review granted.) It concluded Proposition 64 did not decriminalize the possession of cannabis in a penal institution. (*Ibid.*) That court reasoned that Health and Safety Code section 11362.45, as enacted by Proposition 64, contains an exception to the general provision authorizing adult possession of cannabis which expressly states that section 11362.1 "does not amend, repeal, affect, restrict, or preempt" "[l]aws pertaining to smoking or ingesting" of cannabis or cannabis products on the grounds of, or within, any prison or jail. (*Herrera*, at p. 991, quoting Health and Saf. Code, § 11362.45, subd. (d).) Because section 4573.6 subdivision (a) is a "law pertaining to smoking or ingesting cannabis in jail under Health and Safety Code section 11362.45 subdivision (d)," (*Herrera*, at p. 991), *Herrera* held "Proposition 64 did not amend, repeal, affect, restrict, or preempt Penal Code section 4573.6 [subdivision] (a), and possession of cannabis in jail remains a crime under that Penal Code provision." (*Id.* at p. 990.)

Relatedly, in *Perry,* the First District concluded Proposition 64 did not change any existing prohibitions against the possession of cannabis *in prison* or otherwise affect the operation of section 4573.6. (*Perry, supra*, 32 Cal.App.5th at p. 890.) The court there explained Proposition 64 was

4

expressly subject to the exception carved out by Health and Safety Code section 11362.45, subdivision (d) for laws pertaining to smoking or ingesting cannabis or cannabis products, which remain prohibited. (*Perry*, at pp. 892–896.)

The Third District in *Raybon* reached a result opposite *Perry*, concluding the plain language of Health and Safety Code section 11362.1, enacted as part of Proposition 64, compelled a finding that possession of less than an ounce of cannabis in prison is no longer a felony. (*Raybon, supra,* 36 Cal.App.5th at p. 113, review granted.) As noted, our Supreme Court has granted review in *Raybon*.

As we await the decision in *Raybon*, case law tilts heavily in favor of *Perry*, including authority from this court. (*Whalum, supra,* 50 Cal.App.5th at p. 3, review granted.) We agree with the reasoning offered by *Whalum*, which is this court's holding on the issue before us.

In sum, the trial court properly determined that Proposition 64 did not impact the crime of possessing unauthorized cannabis in prison in violation of section 4573.8. We therefore affirm the court's order denying defendant relief from his prior conviction pursuant to section 4573.8, possession of a controlled substance in prison.

## DISPOSITION

The order is affirmed.

BENKE, Acting P. J.

WE CONCUR:

HUFFMAN, J.

AARON, J.

6